UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| 809-811 OTIS PLACE, N.W. D.C.<br>TENANT ASSOCIATION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No.: **1:05CV02465 (EGS)** |
| LAKRITZ ADLER MANAGEMENT<br>L.L.C., *et al.*, | * * * | |
| Defendants. | * | |

**REPLY MEMORANDUM OF DEFENDANTS ERIC ROME, ESQUIRE
AND EISEN & ROME, P.C. IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, Eric Rome, Esquire and Eisen & Rome, P.C. ("Defendants RE&R"), by and through their undersigned counsel and pursuant to LCvR 7(b), hereby respectfully provide the following reply points in further support of their Motion To Dismiss.

I. INTRODUCTION

This is an ill-founded Complaint brought by a disappointed minority of tenants who take issue with a decision made by the properly constituted governing Tenant Association in an effort to undo a valid sale transaction as a part of a condominium conversion. Defendants' Memorandum Of Points And Authorities In Support Of The Motion To Dismiss demonstrated the legal infirmities of the Complaint. Plaintiff's Combined Opposition Memorandum, which devotes virtually all of its text to the irredeemable claims outlined under the Racketeer Influenced and Corrupt Organizations

Act ("RICO"), 18 U.S.C. § 1961 (2004 Ed., as amended), does not contain any valid reason why the Complaint should not be dismissed.

## II. ARGUMENT

### A. Plaintiff Has No Valid Statutory Claim

In its Complaint, the Plaintiff purports to allege claims under District of Columbia statutes; that is, the Rental Housing and Conversion Act, D.C. Code § 42-3401.01, *et seq.* and the Consumer Protection Procedures Act, D.C. Code § 28-3900, *et seq.*

In their Memorandum Of Points And Authorities (pages 7-10), these Defendants demonstrated, as a matter of law, that the statutory claims identified by the Plaintiff were not viable, as a matter of law. Plaintiff appears to address these issues, but only superficially, at pages 11-12 of its Combined Opposition.

Plaintiff does not rebut or distinguish, as it could not, the obvious legal conclusion that the Conversion Act can only apply to an owner or a duly-constituted tenant organization. See Stanton v. Gerstenfeld, 582 A.2d 242, 245 (D.C. 1990). Therefore, no statutory claim can properly proceed against these Defendants who were neither owner nor tenant. Plaintiff also appears to press even its claim under the Consumer Protection Act in spite of the fact that the claim is expressly barred by the language of the statute and case law. See D.C. Code § 28-3903(c)(2)(C); Banks v. Department of Consumer & Regulatory Affairs, 634 A.2d 433, 437 (D.C. 1993) (while the CPPA does not encompass actions of lawyers, it does reach to non-lawyers engaged in the practice

of law). At best, this litigation tactic does not demonstrate adherence to Fed. R. Civ. P. 11.[1]

Plaintiff's failure to substantively address the deficiencies in its purported statutory claims effectively concedes the request for dismissal.

B.   Plaintiff Has Stated No Viable Claim Of Fraud

The Complaint fails to particularize, pursuant to Fed. R. Civ. P. 9(b), the necessary elements of fraud against these Defendants and, therefore, is deficient, as a matter of law.

Plaintiff suggests that it is permissible to plead fraud on the basis of "information and belief". See Combined Opposition, at 4. The authority partially cited by the Plaintiff, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987), does note that there can be an exception to the requirement for pleading fraud with particularity and "upon information and belief", but that exception plainly has not been met here since the allegations of the Complaint do not contain "a statement of the facts upon which the belief is founded". Id. (citations omitted). Indeed, Plaintiff should be able to describe the alleged false statements and the reasonable reliance it took in response, if there is any basis for its claim of fraud, because those are facts within its actual knowledge. However, since the claim is made from whole cloth, Plaintiff has failed to set out the specifics of fraud or the facts which support its belief. Thus, it cannot meet even the relaxed standard identified in the Tandem Computers, Inc. case.

---

[1] There is no dispute that these Defendants served as counsel for the Tenants Association and, necessarily, took direction from the client. The shrill claim attacking the legitimacy of that Association has no moment here since no relief can be sought for that alleged injury against these Defendants.

- 3 -

Plaintiff also argues that its claim of fraudulent conveyance does state a valid cause of action against these Defendants.  See Combined Opposition, at 9.  However, the law of fraudulent conveyances in the District of Columbia focuses on the transfer of property by a debtor with intent to delay, hinder, or defraud a creditor of that debtor.  See D.C. Code § 28-3104.  Such a claim simply has no viability against these attorney Defendants who were neither debtor nor creditor with respect to the condominium conversion transaction identified in the Complaint.  And certainly, D.C. Code § 22-3821 does not provide any basis for the Plaintiff to seek civil damages, particularly where the fundamental elements of fraud are not articulated.

Accordingly, the fraud claim must be dismissed.

C.    Plaintiff's Claims Under RICO Are Legally Deficient

Defendants' Memorandum Of Points And Authorities demonstrated, in detail, how Plaintiff's purported RICO claims were legally deficient.  See Memorandum, at 13-23.  Plaintiff's Combined Opposition does nothing to salvage these meritless claims.  Fundamentally, the claim fails since there are no well-pleaded facts to support any claim that Mr. Eisen or his law firm ever acted in any threatening or extortionate manner.

The decision in Edmonson & Gallagher v. Alban Towers Tenants Association, 310 U.S. App. D.C. 409, 48 F.3d 1260 (1995) is dispositive.  There, the Court of Appeals affirmed the District Court's dismissal of RICO claims arising out of an unsuccessful attempt to purchase an apartment building in the District of Columbia.  Plaintiffs were the prospective purchasers who sought relief alleging, *inter alia*, perjury, fraud and bribery in bad faith litigation.  In affirming dismissal, the appellate court agreed that there was no pattern of racketeering alleged, but rather a description of a

single scheme with a single discrete injury involving a small number of alleged victims. *Id.* 48 F.3d at 1265. Such a pleading is legally deficient since it does not set forth the required pattern. The Complaint at issue here suffers from the same deficiencies in that it alleges but a single scheme, a single injury and damage to a disgruntled minority number of tenants. See Complaint, at ¶¶ 28, 33, 42. Thus, there is no RICO "pattern" alleged and the Complaint should be dismissed on that basis alone. See also Western Associates Limited Partnership v. Market Square Associates, 344 U.S. App. D.C. 257, 235 F.3d 629 (2001) (dismissal of RICO claims affirmed where the complaint alleged a single scheme, a unitary harm and one set of victims).

The Edmonson & Gallagher decision distinguishes one of the authorities relied upon by the Plaintiff, Beauford v. Helmsley, 865 F.2d 1386 (2nd Cir.) (*en banc*), vacated for further consideration in light of H.J., 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195, adhered to, 893 F.2d 1433 (1989), by noting that the allegations there included claims of over 8,000 separate mailings involving dozens of apartment buildings over an extended period of 13 years. None of those expansive characteristics are present here.

Plaintiff also cites Mathon v. Marine Midland Bank, 875 F.Supp. 986, 995 (EDNY 1995) for the proposition that attorneys can be subject to RICO enterprise liability under the appropriate circumstances where they exercise "operational or managerial" power. However, as that same decision notes, with citing authorities:

> The above cases lead to the conclusion that attorneys do not incur RICO liability for the traditional functions of providing legal advice and services.

*Id.*

In point of fact, the Complaint here does nothing more than simply attempt to catalogue various criticisms of the legal services provided by the Defendants. If nothing else, such a recitation cannot, under any circumstance, constitute a basis for a RICO claim, let alone claims under the local statutes or for fraud. Moreover, and also dispositively, Plaintiff has failed to allege any impact on Interstate Commerce, a prerequisite for any relief.

Plaintiff's other authorities are not persuasive. For example, not only does <u>Federal Information Systems Corp. v. Boyd</u>, 753 F.Supp. 971 (D.D.C. 1990) pre-date <u>Edmonson & Gallagher</u>, *supra.,* the defendant there had been actually been convicted, upon a guilty plea, on counts of mail fraud and false statements.

One of Plaintiff's authorities, <u>Sutherland v. O'Malley</u>, 882 F.2d 1196 (7th Cir. 1989), is a case in which the Seventh Circuit affirmed summary judgment on a RICO claim, determining that there were no facts to support a claim of extortion and that the plaintiff had failed to demonstrate the existence of a pattern of racketeering activity.

Moreover, the Plaintiff has failed to demonstrate that the extortion claim is even viable. The Complaint does nothing more than attempt to allege extortion using inherently inapplicable incidents which occurred <u>after</u> the Otis Place property was transferred. Thus, those acts could not have any relation to a claim which necessarily focuses on the conduct prior to the transfer of property. In addition, there has been no second predicate act properly pled. The claim of conspiracy emphasized by the Plaintiff is, in itself, not a separate and distinct wrong. See <u>Riggs v. Home Builders Institute</u>, 203 F.Supp.2d 1, 25 (D.D.C. 2002). In short, Plaintiff has no viable claim under RICO to pursue here.

## CONCLUSION

Plaintiff's claims should be dismissed. The Defendants are clearly not within the ambit of the District of Columbia Conversion Act or Consumer Protection Procedures Act. Plaintiff has failed to allege any viable claim of fraud since it cannot state the material elements of such a claim. Finally, Plaintiff has no basis, whatsoever, to allege a claim under RICO, particularly in light of the governing authorities from this jurisdiction.

Accordingly, for all of these reasons, as well as those previously set forth in the Motion To Dismiss, Defendants, Eric Rome and Eisen & Rome, P.C., respectfully pray that their Motion To Dismiss be granted.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.


By: /s/ David P. Durbin
David P. Durbin  #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2800
E-mail: d.durbin@jocs-law.com

Counsel for Defendants, Eric Rome, Esquire
and Eisen & Rome, P.C.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Reply Memorandum Of Defendants Eric Rome, Esquire And Eisen & Rome, P.C. In Support Of Their Motion To Dismiss was mailed, first class and postage prepaid, this __13th__ day of March, 2006 to:

> B. Marion Chou, Esquire
> Suite 201
> 800 7th Street, NW
> Washington, DC  20001-3851
>   Counsel for Plaintiff
>
> Paul Kiernan, Esquire
> Rafael Alfonzo, Esquire
> HOLLAND & KNIGHT, LLP
> Suite 100
> 2099 Pennsylvania Avenue, NW
> Washington, DC  20006
>   Counsel for Lakritz Adler Management, LLC, Robb
>   M. Lakritz, Joshua Adler, Lakritz Adler
>   Construction L.L.C., Lakritz Adler Development, LLC
>   and Lakritz Adler Holdings, Inc.

_____
David P. Durbin