IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  |
|---|---|---|
| 809-811 Otis Place, N.W. DC [sic] Tenant [sic] Association, Inc.[1] ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | 1:05 CV 02465 (EGS) | |
| Lakritz Adler Management, LLC, et al. ) ) | | |
| Defendants. ) ) | | |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants, Lakritz Adler Management, LLC; Lakritz Adler Construction, LLC; Lakritz Adler Holdings, Inc.; Mr. Robb M. Lakritz; and Mr. Joshua Adler (collectively "Lakritz Adler") submit this Reply in Support of their Motion to Dismiss and respectfully request this Court enter an Order dismissing the Complaint in accordance with Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

I.  **Plaintiff Failed to Address the Standing Issues Lakritz Adler Raised in Its Motion to Dismiss.**

Defendants demonstrated in their Motion to Dismiss that the putative plaintiff, Augusto Moreno, and his counsel do not have authority to bring the instant action on behalf of the 801-811 Otis Place, N.W., Tenants Association, Inc. ("Tenants Association"). But, Mr. Moreno and his counsel ignore this entire analysis in their Response. They do not dispute that the Tenants Association specifically disassociated itself from the Plaintiff's counsel and from Mr. Moreno.

---

[1] The legal name of the purported plaintiff to this action is 809-811 Otis Place, N.W. Tenants Association, Inc.

*See* Exhibit 1 to Motion to Dismiss. They do not dispute that the Tenants Association has specifically ratified the development agreement that is the subject of this suit. *Id.* They do not dispute that the majority of tenants in the Tenant Association executed the petition that ratified each of the above decisions. *Id.*

Plaintiff focuses instead on an alleged "forgery" of one signature on the petition in which the Tenants Association specifically forbade Mr. Moreno and counsel from representing themselves as agents for the Tenants Association. Even if that signature were forged (which it does not), the majority of the tenants and the Tenants Association still repudiate Mr. Moreno and his counsel. Plaintiff cannot and does not dispute this.

Moreover, there was no "forgery." Plaintiff did not advise this Court that Jose Flores, the tenant whose signature Plaintiff claims was forged, had his ***brother and co-tenant***, Wilfredy Flores, represent him at the December 22, 2006 Tenants Association meeting where the subject petition was signed. *See* Statement of Wilfredy Flores attached as Exhibit A. Wilfredy Flores represented that he was empowered to and did execute the petition on behalf of his brother (and on his own behalf as a co-tenant).

Consequently, for the reasons stated in the Motion to Dismiss, this Court must dismiss this case because the Tenants Association did not authorize Mr. Moreno or his counsel to bring suit in its name.

**II.     Plaintiff fails to Address the Arguments Defendants Raise for Dismissal of Count I.**

    **A.     Plaintiff fails to state a claim for breach of contract.**

Defendants have demonstrated that Plaintiff failed to properly plead a breach of contract action by failing to specify what contract was allegedly breached and how that contract was allegedly breached. In response, Plaintiff states that he believes that Defendants allegedly

2

breached the Otis Place development contract (which the Defendants are trying to salvage by seeking dismissal of this case). Despite this attempted clarification, Plaintiff fails to plead how Defendants allegedly breached the development contract (*e.g.* which provision, which Defendant). In other words, Plaintiffs Complaint still fails to state a claim upon which relief can be granted. Moreover, the Complaint on its face still fails to allege which contract the Defendants allegedly breached.

**B.    Plaintiff fails to state a claim under the D.C. Consumer Protection Act.**

Defendants have demonstrated that Plaintiff cannot bring a D.C. Consumer Protection Act claim (D.C. Code § 28-3901 *et seq.*) as a private cause of action and certainly not as part of his breach of contract claim. Plaintiff fails to address this argument and only mentions that the statute is properly invoked, rather than why or how it can be. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

**C.    Plaintiff fails to state a claim under the Tenant Opportunity to Purchase Act.**

Defendants have demonstrated that Plaintiffs failed to plead elements sufficient to sustain a violation the Tenant Opportunity to Purchase Act ("TOPA"), D.C. Code § 42-3404.02 *et seq.* Plaintiff now attempts to support his claim by adding that the manner in which Defendants breached TOPA was by failing to bargain in good faith. This allegation is not in the Complaint nor have Plaintiffs pled any facts to support this allegation.

TOPA requires the owners of a housing accommodation to offer current tenants an opportunity to buy their rental property first before to selling to another purchaser. *See West End Tenants Ass'n v. George Washington University*, 640 A.2d 718, 726 n. 13 (D.C. 1994). But LaKritz Adler were not the ***owners*** in the development contract, they were the purchasers.

Nonetheless, the development contract gives the current tenants the option to purchase their own units at below market rate prior to those units being sold on the market.

### III. Plaintiff Fails to State a Claim under the D.C. Criminal Fraud Statute.

Plaintiff clarifies that it was not his intent to allege a civil law claim for common law fraud. Rather, Plaintiff contends that he can recover under the D.C. criminal fraud statute, D.C. Code § 22-3821. There is no such statute, however, because the criminal fraud statute has been re-codified as D.C. Code § 22-3221(a) (2001). Plaintiff's claim must fail for the same reasons that his claim under 18 U.S.C. § 1957, criminal money laundering, must fail. These criminal statutes do not provide for private causes of action. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Cort v. Ash*, 422 U.S. 66, 79 (1975).

Moreover, for the undisputed reasons stated in the Motion to Dismiss, Plaintiff does not allege a colorable civil fraud claim either.

### IV. Plaintiff Fails to State a Claim under RICO.

Plaintiff does *not* dispute that all of the allegedly extortionate actions he attributes to Defendants in support of his RICO claims occurred more than six months *after* the sale of the Otis Place property. Plaintiff dates the Defendants' allegedly coercive activities to on or about November 2005, while the Otis Place property was transferred in April 2005. *See* Complaint ¶¶ 30-33. Because extortion involves acts undertaken to *obtain* wrongfully the property of another, none of the acts alleged can support an extortion claim. *See United States v. Edwards*, 324 F.Supp.2d 10, 12 (D.D.C. 2004) (*citing* 18 U.S.C. § 1951(a)). Thus, Plaintiff does not allege any predicate acts to support his civil RICO claims. *Id.*

## V.   Plaintiff Does Not Dispute that Count IV Should Be Dismissed.

Defendants demonstrated that 18 U.S.C. § 1957 does not provide for a private cause of action. Plaintiff appears to concede that this is a frivolous Count raised only to support his RICO allegations and not meant to be prosecuted as a civil count. *See* Plaintiff's Response to Motion to Dismiss at 9-10.[2] Therefore, Plaintiff's Count IV should be dismissed.

## VI.   The Timing of the Ruling on Defendants' Motion to Dismiss is Critical.

The current lawsuit places the Otis Place project – and indeed LaKritz Adler as a whole – in significant financial jeopardy because it threatens to undermine LaKritz Adler's ability to retain current or obtain new project financing. *See* Affidavit of Joshua Adler attached as Exhibit B at ¶ 5. For this reason, LaKritz Adler respectfully requests this Court issue an Order on Defendants' Motion to Dismiss as soon as possible.

The current loan for the Otis Place project expires on ***April 10, 2006***. *See* Affidavit of Joshua Adler at ¶ 6. The current suit, however, clouds the title of the Otis Place project thereby interfering with LaKritz Adler's ability to refinance the building and also obtain the cash necessary to meet our agreements with the tenant association and the 15 of 21 tenants who signed vacancy agreements. *See* Affidavit of Joshua Adler at ¶ 7. Without additional financing, upon expiration of the current loan, LaKritz Adler will be in default, and may incur a 5% increase in interest rate and various other penalties, potentially including foreclosure. *See* Affidavit of Joshua Adler at ¶ 8.

---

[2] Defendants cite to the Plaintiff's Response's page numbers rather than section headings, as the section headings throughout are out of alpha-numeric order.

5

For the foregoing reasons, the Complaint should be dismissed. Given the frivolous nature of the Complaint, Defendants respectfully renew their request that the Court award attorneys fees and costs and for any other relief the Court deems appropriate.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

_____
Paul J. Kiernan (DC Bar # 385627)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 663-7276
(202) 955-5564 – fax

Of counsel:

Rafael E. Alfonzo (DC Bar # 478524)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000
(202) 955-5564 – fax

# 3641723_v1

6