UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 809-811 Otis Place, N.W.  D.C. | *  Civil Action No. 1:05cv 02465 |
| Tenant Association, | *  Jury Trial Demanded |
| Plaintiff | *  Judge E.G.Sullivan |
| v. | * |
| Lakritz Adler Management L.L.C. et al | * |
| | * |
| Defendants | * |

## APPLICATION FOR PRELIMINARY INJUNCTION

**COMES NOW**, Plaintiff, the rightful, 809-811 Otis Place, N.W. D.C. Tenant Association, through Counsel B. Marian Chou, and seeks to apply this day for an injunction under **Rule 65 (a)** to prevent Defendants from going forward with their D.C. construction permit and "*Application to Raze*". Plaintiff found out about this application recently. Defendants have purchased the surrounding adjacent properties to 809-811 Otis Place, N.W. D.C. which is the subject of the litigation before the Court and is anxious to start their development project that they designed a long time ago, and which was hidden from the tenants. See **Attachment A– "Renaissance Project" on their web page at www.LakrizAdler.com.**

In addition, Defendants have continued to issue **Notices to Quit the Property** to individual tenants under Mr. Moreno's leadership and have continued to harass and threaten tenants that if they don't move out of the residential complex before the end of March 31, 2006 that all of their rights will be terminated and they will loose any settlement monies for their leases. Eviction proceedings are going forward and are frightening all the tenants who thought they would have their day in Court on these matters. Defendants are telling tenants that Plaintiff has "**lost this suit**" already, before

1

we have ever had our day in Court on the merits of our claim. Tenants are now panicking, and frightened on the basis of Defendant's wrongfully dispersed information. See **Attachments B.-various members' affidavits, totally of 20 pages from different units.**

Plaintiff asserts that members of the **legitimate** 809- 811 Otis Place, N.W. Tenant Association, will suffer *immediate and irreparable injury, loss, and damages* if the Court does not prevent these adverse actions by the Defendants from pushing forward. The subject of the lawsuit is the preservation of their homes.

Plaintiff has provided four factors that courts traditionally analyze when deciding whether or not to issue an injunction. **International Jensen** v. **Metrosound USA**, *4 F3d 819, 822 (9th Cir. 1993).* The first factor is whether or not the plaintiff will suffer irreparable injury if the relief is denied. If the property is allowed to be destroyed before the trial on the merits, the tenants will loose their homes and will suffer irreparable injury. The Court should maintain the status quo until the merits of a case can be decided. See **Resolution Trust Corp. v. Cruce**, *972 F.2d 1195, 1198 (10th Cir. 1992)*. "The primary purpose of preliminary injunction is to preserve the status quo".

Plaintiff's lawsuit seeks equitable relief, thus the Court is not restricted by Rule 64, and may still grant a prejudgment injunction that freezes specific assets that are the subject of a restitution or recisssion claim or that preserves the power of the court to grant final injunctive relief. See **United States ex rel. Rahman v. Oncology Assoc**, *198 F.3rd 489, (4th Cir. 1999).* The Court notes that equity court "has **enhanced authority** when the public interest in involved". Thus, Plaintiff argues that a preliminary injunction is

always appropriate to grant intermediate relief of the same character as that which may be granted finally.

The Court should be able to conduct a thorough inquiry on injunction. Plaintiff asks the Court to <u>freeze the circumstances in place</u> until further action of the Court can be taken. Plaintiff can demonstrate "**imminence of harm**" which is forthcoming in the destruction of the property. This not just a contract claim for money damages and therefore the District Court has jurisdiction to use preliminary injunction preventing defendants destruction of the property before the Court. The destruction of the property will amount to irreparable harm.

    The second factor is that the moving party will probably prevail on the merits. From the information provided to the Court, the Court should find that there is a basis on which to conclude that the Plaintiff will probably prevail on the merits at trial. It is important to note that **<u>material evidence</u>** as to how the buildings have not been maintained by the Defendants will be destroyed if the property is razed. This neglect of the property amounted to retaliatory eviction in some instances and will be presented to the Court at the trial.

    The third factor is that the balance of potential harm favors the moving party. This is self evident and is true in the instant case. Plaintiff will suffer irreparable damage if their homes are razed and destroyed and the tenants are forced to leave the premises. As previously mentioned, the plaintiff will not be able to proceed with his lawsuit and have an opportunity to get their homes back if defendants are allowed to evict the tenants and raze the property. Money damages on a trial on the merits will not suffice for the Plaintiff.

The final factor is that the public interest favors granting relief. This lawsuit just scratches the surface on many real estate deals in D.C. that have been recently exposed that are structured to transfer real estate so it does not trigger the tenants rights to purchase under the law as this Plaintiff has spelled out with specificity in the complaint before the Court.

## **AVAILABILITY OF INJUNCTIVE RELIEF UNDER CIVIL RICO**

The issue of whether RICO provides injunctive relief to a private plaintiff has produced disagreement among the Courts, as well as much discussion. The courts have distinguished between RICO and Civil RICO on these matters.  However, Plaintiff has reviewed several cases that have allowed injunctive relief including **Aetna Cas and Sur Co**. v. **Liebowitz,** 730 F2d 905 (2d Cir. 1984) which stated that the availability of preliminary injunctive relief for private plaintiff in civil RICO action is not questioned. In one of the leading cases in the 9th Circuit, **Religious Tech. Center v. Wollersheim**, 796 F2d 1087-1088; the Ninth Circuit has granted preliminary injunctive relief where civil RICO claims are joined with pendent state law claims which permit such relief. In the case before the Court, Plaintiff's D.C. Statute claims would allow injunctive relief. See **Republic of Philippines v. Marcos**, 862 F2d 1364 (9th Cir. 1988), cert. denied, 109 S. Ct. 1933 (1989). Other courts have entered preliminary injunctions freezing defendants' assets in actions brought under civil RICO without addressing whether RICO permits such relief.   See Blakey and Cessar, supro note 35, 542-57; Wexler, **Civil RICO Comes of Age; some Maturation Problems and Proposals**, 35 Rutgers L Rev 285, 315 (1983) which argues that the legislative history supports private injunctive relief under civil RICO.

4

**THEREFORE,** Plaintiff's application for preliminary injunction, filed on March 14. 2006, should be granted.  Defendants should not be allowed under any circumstances to proceed to raze the property before the Court.  Furthermore, all actions by the Defendants to evict the tenants, and for possession, should be stayed pending the outcome of the trial on the merits.

                                                Respectfully submitted,

                                                _____/s/_____
                                                B. Marian Chou, D.C. Bar #433279
                                                Counsel for the Plaintiff
                                                800 7th St.,N.W. Suite 201
                                                Washington, D.C. 20001
                                                Phone (202) 783-2794
                                                Fax (202) 898-1995
                                                bmchou@mindspring.com

**Certificate of Service**

I hereby certify that I have sent a copy of the foregoing Motion for Injunction to Mr. D.Durbin, Esq. Attorney for E.Rome, Esq. at d.durbin@jocs-law.com, Mr. Rafael E. Alfonzo at Rafael.alfonzo@hklaw.com and Mr. Bill Glover at bg809@hotmail.com on March 16, 2006.

                                              _____/s/_____
                                              **B. Marian Chou**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **809-811 Otis Place, N.W.  D.C.** | *  **Civil Action No. 1:05cv 02465** |
| **Tenant Association,** | *  **Jury Trial Demanded** |
| **Plaintiff** | *  **Judge E.G.Sullivan** |
| **v.** | * |
| **Lakritz Adler Management L.L.C. et al** | * |
| | * |
| **Defendants** | * |

**Order**

Upon consideration of merits of the case, the Court finds that the Plaintiff is entitled to preliminary injunction against the Defendants.

Further, the Court orders the tenants should tender the rent payments into an escrow account until the further decision of the Court.  In addition, the Court will instruct the Defendants-LaKritz and Adler to halt the raze the apartment building until further hearings.

So Ordered.

_____
Judge E. G. Sullivan

Cc:  Ms. B. Marian Chou, Esq.
     Mr. David Durbin, Esq.
     Mr. Rafael Alfonzo, Esq.
     Mr. Bill Glover, Defendant, *pro se*

6