IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 809-811 Otis Place, N.W. DC [sic] Tenant [sic] Association, Inc.[1] <br><br> Plaintiff, <br><br> v. <br><br> Lakritz Adler Management, LLC, et al. <br><br> Defendants. | 1:05 CV 02465 (EGS) |

**OPPOSITION TO APPLICATION FOR PRELIMINARY INJUNCTION**

Defendants Lakritz Adler Management, LLC; Lakritz Adler Construction, LLC; Lakritz Adler Holdings, Inc.; Mr. Robb M. Lakritz; and Mr. Joshua Adler (collectively "Lakritz Adler") oppose Plaintiff's Application for Preliminary Injunction and respectfully request this Court enter an Order denying it.

LaKritz Adler also requests that the Court hold a hearing on this Application along with the pending Motions to Dismiss filed by LaKritz Adler and the other Defendants.

**I.   Standard for Entry of a Preliminary Injunction.**

The grant of a preliminary injunction is a drastic and unusual judicial measure. See Marine Transport Lines, Inc. v. Lehman, 623 F. Supp. 330, 334 (D.D.C. 1985). Issuance of a preliminary injunction is appropriate only if the movant clearly demonstrates that: (1) it has a substantial likelihood of succeeding on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) other interested parties will not suffer substantial harm if the injunction is granted; and (4) the public interest will be furthered by the injunction. See Serono Labs, Inc. v. Shalala, 158 F.3d 1313, 1317-18, 1325 (D.C. Cir. 1998); Sea Containers, Ltd. v.

---

[1] The legal name of the purported plaintiff to this action is 809-811 Otis Place, N.W. Tenants Association, Inc.

Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989).  See also Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985); Washington Metropolitan Area Transportation Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843-44 (D.C. Cir. 1977); Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958).  Significantly, in order for a preliminary injunction to be granted, any alleged injury that purportedly will result "must be both certain and great; it must be actual and not theoretical."  See Wisconsin Gas Co. v. Federal Energy Regulatory Commission, 758 F.2d 669, 674 (D.C. Cir. 1985).

## II.     Plaintiff Cannot Show That It Is Likely To Succeed on the Merits.

It is not clear what Plaintiff seeks to enjoin or why.  At bottom, Plaintiff appears to be asking this Court to enjoin actual or threatened possessory actions which would be heard in the Landlord and Tenant Branch of the Superior Court.  See, e.g., Application for Preliminary Injunction at 1 ("Defendants have continued to issue Notices to Quit the Property . . . Eviction proceedings are going forward . . . "); id. at 6 (proposing that the Court "order[ ] the tenants should tender the rent payments into an escrow account"); id. at Tenant Affidavit ¶ 4 ("we would seek protection from the court from any further eviction or possession efforts by the Defendants, or their agents").

Plaintiff has not cited to this Court any support for the proposition that this Court can or should enjoin actual or threatened possessory actions in Superior Court.  The Superior Court has exclusive jurisdiction over possession actions.  See D.C. Code §11-921(a)(3)(A)(Superior Court has jurisdiction over ejectment actions).  As the Court wrote in Coll v. Coll, 690 F.Supp. 1085 (D.D.C. 1998), "in the District of Columbia, actions involving partition and other property-related matters are considered actions of a purely local nature and are to remain under the

2

jurisdiction of the Superior Court of the District of Columbia." Id. at 1089 (holding that domestic relations exception to federal diversity jurisdiction required dismissal but that an "additional reason for declining jurisdiction" was that property-related matters were local actions under the jurisdiction of the Superior Court). As a general rule of abstention and under 28 U.S.C. §2283, federal courts do not enjoin actions in local courts. Plaintiff has not demonstrated why this Court should intervene with a preliminary injunction.

Indeed, Plaintiff's entire argument that it is likely to succeed on the merits in this case is contained in the following conclusory language:

> From the information provided to the Court, the Court should find that there is a basis on which to conclude that the Plaintiff will probably prevail on the merits at trial.

See Plaintiff's Application at 3. This hardly justifies the award of injunctive relief. As Judge Urbina recently noted in denying a motion for preliminary injunction:

> While the plaintiffs are correct that an injunction is not designed to decide the underlying merits, to justify the extraordinary relief of injunctive relief, the burden is on the plaintiffs to prove, among other things, a substantial likelihood of success on the merits. Mova Pharm. Corp. [v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998)]... [T]he court again directs the plaintiffs to language borrowed from our sister circuit, that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." U.S. v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991).

Rumber v. District of Columbia, 2005 WL 1903727 *4 (D.D.C., July 19, 2005)(denying second request to enjoin condemnation of real property).

Plaintiff's Application here does not rise anywhere near the level of satisfying the burden for proving a likelihood of ultimate success on any of its claims. Plaintiff has not argued why its Complaint is meritorious nor effectively responded to the pending Motions to Dismiss. The only information Plaintiff provides in the Application is a few affidavits of tenants which Mr. Moreno

3

has convinced to join his protest *after* the Otis Place development agreement was approved by the Tenants Association Board and ratified by a majority of the tenants.[2] Some of these affidavits mention their support of Mr. Moreno, and others complain about alleged contacts LaKritz Adler employees had with tenants months *after* the development agreements was signed. *See* Exhibit to Plaintiff's Application for Preliminary Injunction. Significantly, none of the affidavits actually supports any of the allegations of the complaint or provides competent testimony in support of those allegations. See Local Civil Rule 65.1(c)(application for preliminary injunction should be supported by all affidavits upon which applicant intends to rely). The affidavits, in sum, do not provide evidence demonstrating a substantial likelihood of ultimate success on the merits by this Plaintiff.

Plaintiff's affidavits also do not cure the legal deficiencies in Plaintiff's pleadings. LaKritz Adler has fully briefed in its Motion to Dismiss and in its Reply in support of the Motion to Dismiss why Plaintiff is not likely to succeed on the merits. Plaintiff has failed to dispute effectively any of Defendant's points. With no showing on the element of likelihood of success on the merits, Plaintiff cannot meet its burden for entry of a preliminary injunction.

### III.  Plaintiff Cannot Show That It Faces Irreparable Harm.

Closely related to Plaintiff's failure to show the likelihood of success on the merits is Plaintiff's failure to show that "[t]he injury complained of [is] of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Ashland Oil, Inc. v. FTC*, 409 F.Supp. 297, 307 (D.D.C.), aff'd, 548 F.2d 977 (D.C. Cir. 1976).

Plaintiff seeks to enjoin the issuance of a Permit to Raze the building located at 801-811 Otis Place as well as continuing efforts by the current owners to proceed with renovation.

---

[2] Notably, the total number of tenants that Mr. Moreno has managed to convince is still under half.

Plaintiff also seeks to enjoin the collection of rent by the landlord payable by non-party tenants. (Plaintiff itself has never alleged that it pays rent or is a tenant in the building).

LaKritz Adler only recently submitted the application for the raze permit, and the permit is still undergoing administrative review by the government of the District of Columbia. If that permit is issued in error, Plaintiff could possibly challenge the issuance of the permit through the District's administrative process (leaving to one side the question of the bona fides of Plaintiff as a tenant organization or Mr. Moreno's alleged status as spokesman for the Plaintiff). Plaintiff does not face harm, much less irreparable harm, associated with the pending application for a raze permit. Plaintiff has not commenced, much less exhausted, administrative remedies associated with the issuance of a permit. Finally, while LaKritz Adler believes it is entitled to the issuance of a permit, the fact is that the District has not yet issued the raze permit, making the Plaintiff's allegations of harm associated with the issuance remote and speculative, not imminent.

On the issue of removal of tenants from the building, it is far from clear that this Plaintiff has standing to assert claims on behalf of individual tenants, each with his or her own individual tenant situation. The tenant association is not a tenant and it is itself not faced with the threat of eviction from the building.

Finally, if the claims of individual tenants are considered in connection with notices to quit or possible removal, those claims can be heard if and when proceedings are commenced in the Superior Court, the proper forum for adjudication. The District of Columbia does not allow self-help remedies for the removal of tenants and Plaintiff has not alleged that any individual faces illegal removal from the building. The landlord's invocation of its rights to commence eviction is not itself the violation of any covenant or law. See Weisman v. Middleton, 390 A.2d 996 (D.C. 1978)(landlord did not breach covenant of quiet enjoyment by filing suit for

possession). In sum, the commencement of steps to retake possession does not pose any imminent harm to the tenants since the Landlord and Tenant Branch must review and approve any such removal.

### IV. LaKritz Adler May Suffer Substantial Harm if the Preliminary Injunction Is Granted.

As Defendants discussed in their Reply in support of the Motion to Dismiss, this frivolous lawsuit threatens the Otis Place project and LaKritz Adler's financial well-being. Because the current development loan expires on April 10, 2006, LaKritz Adler must obtain new financing to satisfy its original loan and to continue with development. *See* Affidavit of Joshua Adler at ¶ 6, attached as Exhibit B to Defendant's Reply. This lawsuit clouds the title of the Otis Place project and already threatens the availability of financing. Id. at ¶ 7. The entry of a preliminary injunction would create further uncertainty and effectively end the possibility of obtaining new financing for the Otis Place project. Without new financing, LaKritz Adler could default on its current loan and be subject to penalties up to and including foreclosure. Id. at ¶ 8. In any event, an injunction would lengthen the financing process, result in additional carrying costs, and could trigger other problems for the owner.[3]

---

[3] Defendants submit that no injunction should issue. If, however, the Court were to issue an injunction, LaKritz Adler requests permission to present evidence in support of the amount of an injunction bond so that the Court can be fully informed regarding the financial impact of an injunction, including the impact on the project as well as the impact on cash flow by the requested escrowing of tenant rent payments.

V.   **Plaintiff Requests Inappropriate Injunctive Remedy.**

Completely absent from Plaintiff's conclusory and unsupported Application is any analysis of the significant jurisdictional and public policy issues implicated in the requested injunction. Among other things, the Application appears to seek

- fundamental re-altering of contractual and lease obligations;
- relief on behalf of non-parties (individual tenants);
- restraint against commencement of litigation in Superior Court and/or restraint of pending litigation in that forum;
- prohibition against pursuit by LaKritz Adler of permits for use of property;
- prohibition against contacting the District of Columbia regarding the demolition permits;
- implied direction to non-party District of Columbia against issuance or enforcement of a raze permit.

Not only do the moving papers not cite a single case decided by this Court or even in this Circuit, the papers do not address in any manner the numerous, complex issues triggered by Plaintiff's extraordinary request. At first blush, Plaintiff's request raises questions of standing and jurisdiction (as discussed above); various doctrines of abstention counseling against federal court interference in local law matters and proceedings; LaKritz Adler's First Amendment rights to seek permits from the District of Columbia; propriety of enjoining the actions of the District of Columbia in issuing or enforcing a permit; and the application of 28 U.S.C. §2283 which generally prohibits injunction of state court proceedings. Yet Plaintiff could not be bothered to provide the Court with any guideposts or support for working through all of these issues. As has

7

been well-remarked elsewhere: "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. . . a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." U.S. v. Zannino, 895 F.2d 1, 18 (1st Cir. 1990).

Because the Plaintiff cannot show that it faces any threat of irreparable harm, has not established a substantial likelihood of ultimate success on the merits or the propriety of its requested injunction, and because the injunction, if granted, is more likely to cause harm to the Defendants and non-parties than it would alleviate any actual harm to this Plaintiff, LaKritz Adler respectfully requests this Court deny Plaintiff's Application for a Preliminary Injunction.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

_____
Paul J. Kiernan (DC Bar # 385627)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 663-7276
(202) 955-5564 – fax

Of counsel:

Rafael E. Alfonzo (DC Bar # 478524)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000
(202) 955-5564 – fax

# 3655858_v1