UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 809-811 Otis Place, N.W. D.C.<br>Tenant Association, | Civil Action No. 1:05CV02465<br>Jury Trial Demanded |
| Plaintiff | Judge E.G. Sullivan |
| v. | |
| Lakritz Adler Management<br>L.L.C., et al., | |
| Defendants | |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PRELIMINARY INJUNCTION

Plaintiff, 809-811 Otis Place, N.W. D.C. Tenant Association, by and through their undersigned counsel, oppose Defendants' opposition to their application for preliminary injunction.  In addition, Plaintiff claims that the Court has jurisdiction pursuant to section **1964 RICO, 18 U.S.C.** Section 1964, and pursuant to its jurisdiction over all civil actions arising out of the Constitution, laws or treaties of the United states, 28 U.S.C. Section 1331. Several courts have ruled that Federal courts have exclusive jurisdiction over RICO See **Morda v. Klein** 865 F2d 782 (6th Cir. 1989) and **Lou v. Belzberg**, 834 F2d 730 (9th Cir. 1987). The Plaintiff carries the burden by a preponderance of the evidence; however, it is generally not a heavy one.  In federal question cases, the party must demonstrate a non frivolous claim based on federal law.  See **Garcia v. Copenhaver, Bell and Associates**, 104 F.3d 1256 (11th Cir. 1997) commenting that it is extremely difficult to dismiss a claim for lacking subject matter jurisdiction. Plaintiff has met this burden which is not onerous in his complaint.

## BOND ISSUE FOR PRELIMINARY INJUNCTION

The Court should look to the case of **Brown vs. Artery Org**, 691 F. supp. 1459, 1462 (D.C. 1987) which differentiates the bond criteria for tenant associations. "Although the [bond] requirements of Rule 65(c) are phrased in mandatory terms, it is settled that the security requirement should not function to bar poor people from obtaining judicial redress."  Brown v. Artery Organization, Inc., 691 F. Supp. 1459, 1462 (D.D.C. 1987) (Greene, J.) (collecting cases).  The requirement of a bond, and the amount thereof, is "a matter for the discretion of the trial court; it may elect to require no security at all." Corrigan Dispatch Co. v. Casa Guzman, S.A., 569 F.2d 300, 303 (5th Cir. 1978).

Respectfully Submitted,
/s/
B. Marian Chou, Esq.(D.C. Bar#433279)
Attorney for the Plaintiff
800 7th St., N.W., #201
Washington, D.C., 20001
202-783-2794
bmchou@mindspring.com

Certificate of service

I hereby certify that I have sent a copy of the reply to the counsels of the parties and Mr. Bill Glover, pro se by e-mail.

/s/
B. Marian Chou