IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **809-811 Otis Place, N.W. D.C.** | * | |
| **Tenant Association, Inc.** | * | |
| | * | |
| **Plaintif.** | * | |
| | * | |
| v. | * | 1:05 cv 02465s (EGS) |
| | * | Judge E Sullivan |
| **Lakritz Adler Management, L.L. C. et al.** | * | |
| | * | |

**********************************************************************

### PLAINTIFFS' OPPPOSITION TO DEFENDANT LaKRITZ ADLER'S MOTION FOR RULE 11 SANCTIONS

### OVERVIEW

This case does not involve the conduct that Rule 11 was designed to deter. Rule 11 is designed to deter not to compensate. This policy represents a substantial change from previous versions of Rule 11 which included a substantially stronger interest in compensating parties who had been damaged by Rule 11 violations.

### I. JURISDICTION

**Second lawsuit –** In the case of **Cooter Gell v. Hartmarx Corp**., 496 U.S. 384, 110 S.Ct. 2447. 110 L. Ed. 2d 359 (1990) and **Woodard v. STP Corp.,** 170 F3d 1043, (11th Circuit 1990) the Courts held that it is an error for a Court to enter an order retaining jurisdiction to impose sanctions under Rule 11 if Plaintiffs' attorneys bring a subsequent lawsuit in another forum. The Court stressed that only the court hearing the subsequent lawsuit could impose such sanctions. In the case at bar, Counsel has filed a subsequent lawsuit in D.C. Superior Court, Docket no. CA 2580-06. Therefore, the federal Court should no longer retain **jurisdiction** to impose sanctions on Plaintiff or Counsel.

1

## II.  RULE 11 MOTION PROCEDURALLY DEFICIENT

**(a)**   **Timing –** Under the previous version of Rule 11, Courts generally required that motions for sanctions be filed as soon as practicable after the alleged violation has occurred.  That principle carries over to the current version of Rule 11.  However, courts using the previous version were divided as to whether motions may be filed after the case has ended.  Under the current version of Rule 11, it appears settled that a movant's duty to offer the offending party a "**safe harbor**" means that an injured party may not move for sanctions after a case has ended or the court has rejected the offending contention. See **Tomkins v. Cyr**, 202 F3d 770, 787-88 (5th Cir. 2000) rejecting sanctions where Motion was not filed until conclusion of the trial.

**(b)**   **SPECIFICITY AND SEPARATENESS -** Motions for sanctions under Rule 11 (c) must be made separately from other motions and must allege with <u>specificity the alleged violation</u> of Rule 11 (b).

Plaintiff's case was dismissed **without prejudice** on March 26th 2006.  In Court's ruling , the Court did not even mention of any frivolousness in the complaint and afforded Plaintiff's counsel the opportunity to file the complaint and Motion for Injunction in another forum, or re-file a perfected complaint in the federal court which meets the Courts finding of the need for more than one transaction.  Plaintiff's counsel has pointed out for the Court in her Response to defendants' "Motion to Dismiss" how the case law is split on this subject.  Plaintiff's counsel respectfully maintains and disagrees with the Court's assumption of that point.  Plaintiff's counsel has always argued and clarified that the sale of the building from Crescent Properties to LaKritz

2

Adler was one transaction. However, the Development Contract Lakritz Adler finalized amounts to a second transaction and sale of the building under the Sale Act.

The Plaintiff decided to take the Court's ruling and re-file the case in D.C. Superior Court, and dispense with a lengthy, time consuming and expensive appeal of the federal Court's ruling. Considering members of the Plaintiff are facing the razing of the building by the alleged new landlord, LaKritz Adler, Plaintiff should be afforded a chance to be heard in the D.C. Superior Court. If the Court had dismissed the federal case *with prejudic*e, the plaintiff's would not be afforded this second opportunity for relief. Plaintiffs' are grateful for that option. The Court also had the option under Rule 11 to impose sanctions on its own initiative with a show cause order which it declined. Obviously, the Court did not find or see any bad faith on the part of Plaintiff's Counsel.

The complaint was filed back on December 23rd, 2005. Defendants have continually threatened and tried to intimidate Plaintiff's counsel with obscure threats of a Rule 11 Sanctions Motions. These e-mails, letters and phone calls were general and not specific. Rule 11 states that to meet its "safe harbor" provision, it has to be specific. Their Rule 11 Motion for Sanctions was filed on April 14, 2006 – which amounts to nineteen (19) days after the above cited case was dismissed but only twelve (12) days after the Plaintiff's case was re- filed in a new forum, the D.C. Superior Court. Plaintiff's Counsel believes that this Rule 11 Sanction Motion filed after the federal case was dismissed without prejudice was filed solely to cause Plaintiff to drop their new suit in D.C. Superior Court. Defendants had a duty to meet all the requirements of Rule 11 including the "**safe harbor provision**". Rule 11 (c)(1) (A) does not permit sanctions motions to be filed with the court until 21 days after service of the Motion or within any

3

other time frame the court provides. If the document challenged by the sanctions motion is withdrawn or corrected within that time frame, the motion may not be filed with the Court, and thus no sanction will be imposed. See **Johnson v. Waddell and Reed, Inc**. 74 F3d 147, 150 (7th Cir. 1996) which states that the current version of Rule 11 requires that a Motion for sanctions shall be made separately from other motions. See also **Perpetual Securities, Inc. v. Tang**, 290 F3d 132, 142 (2d Cir. 2002) where the Court found that it is an abuse of discretion to grant a party's Motion for Sanctions which was not made separately, and was only included in a memorandum addressing other issues before Court. Furthermore, the Court stressed that whether on Motion of party or on Court's initiative, award of sanctions is inappropriate if party to be sanctioned has no opportunity to respond when a Court initiates a Rule 11 matter sua sponte, it must issue a "show cause order". In **Vollmer v. Publishers Clearing House and Campus Subscriptions, Inc.**, 248 F.3d 698 (7th Cir. 2001) the Court declared that evidence of violation "must be stated with specificity in the record, and there must be a full and fair opportunity to respond." See **Topkins v. Cyr**, 202 F3d 770, 788 (5th Cir. 2000) where the Court ruled that a Motion served after trial had concluded amounted to a denial of the opponent's opportunity to defend or correct the complaint. The opposing party must have ample notice and meaningful opportunity to be heard. In the instant case, the Movant did not fully comply with the "safe harbor" provision and therefore Rule 11 Sanctions are inapplicable. See **First Bank of Marietta v. Hartford Underwriters Insurance Co.**, 307 F. 3d 501, 510-11 (6th Cir. 2002). The moving party must serve a Rule 11 Motion at least 21 days before filing it with the Court. In **Hadgers v. Yonkers Racing Corp.**, 48 F.3d 1320 (2nd Cir. 1995) the Court ruled that sanctions cannot be imposed on motion

4

against party not afforded "safe harbor". Safe harbor is a mandatory condition precedent to sanctions as stated in **Brickwood Contractors Inc. v. Datanet Engineering, Inc.** 369 F3d 385 (4th Cir. 2004) (enbanc). More importantly, in **Barber v. Miller**, 146 F3d 707, 710-11 (9th Cir. 1998) a motion for Rule 11 Sanctions served and filed after offending complaint was dismissed does not meet the safe harbor requirement because no opportunity existed to withdraw the complaint. Additionally, in **Ameritech, Inc. v Estes**, 110 F3d 1523 (10th Cir. 1997) where offending party claim was dismissed before Rule 11 Motion was filed, sanctions were not possible because offending party had no opportunity to cure offense within time limit provided by safe harbor provision, as in the instant case.

The Court should note that even a non-frivolous submission to Court may be sanctionable when document was submitted for improper purpose. Counsel believes that Defendant's Rule 11 motion for Sanctions is an excessive motion constituting harassment which should trigger sanctions.

### III. RULE 11 REQUIES REASONABLE PRE-FILING INQUIRY INTO FACTS AND LAW

Rule 11 (b) provides that persons who sign, file, submit or later advocate documents are certifying to the Court that the person's best knowledge, information or belief, which is in turn based upon an inquiry that was reasonable in the circumstances of the particular case. However, Rule 11 (b) does not require plaintiff to "know at the time of pleading all facts necessary to establish the claim. The duty to investigate need not be pursued until absolute certainty is achieved". See **Dubois v. United States Dept. of Agriculture**, 270 F.3rd 77, 82 (1st Cir. 2001), and **Garr v. U.S. Healthcare, Inc**., 22 F3d 1274, 1278 (3rd Cir. 1994) which states that the "obligation personally to comply with the requirements of

5

Rule 11 clearly does not preclude the signer from any reliance on information from other persons." See also **Circuit City Stores, Inc. v. Najd** 294 F3d 1104 (9th Cir. 2002)  It is important to note that in **Hadges v. Yonkers Racing corp**., 48 F3d 1320, 1329-30 (2d Cir. 1995), the amended Rule 11 clearly permits an attorney to rely on objectively reasonable representations of the client.  Thus the duty of the attorney to make inquiry is relaxed.  In the instant case, Plaintiff's counsel, carefully reviewed all the documents provided by Mr. Moreno, the duly elected Tenant Association President and relied on his statements as to his presidency and the history of the association.  Plaintiff's counsel also diligently reviewed all the vote tallies that Mr. Moreno provided documenting his presidency.  In addition, Plaintiff's counsel met with all the tenants several times at her office, the police station, and was in constant communication with Mr. Moreno on the case.  Mr. Moreno called Ms. Chou, Esq. almost on a daily basis since the retainer contract was signed.  It is important to note that these Association members were facing eviction and the loss of their homes and time was of the essence in trying to save their domiciles.  Plaintiff's counsel was vigilant in her investigation of the facts and law of the case.  Plaintiff's counsel's billed client almost 40 hours of billing time before the complaint was filed and consulted with experts in the field of D.C. tenant associations.

 Moreover, in **Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc**. 202 F.3d 965, 968 (7th Cir. 2000) the Court ruled that no sanction for advocating a position in conflict with two controlling decisions where position was "not totally baseless" and had some logical and practical appeal.  In **Protective Life Insurance Co. v. Dignity Viatical Settlement Partners, L.P**., 171 F3d 52, 57 (1str Cir. 1999) the Court concluded that the party's attempt "to squeeze too much from prior case

6

law ….though aggressive, did not justify the imposition of Rule 11 Sanctions, using analogous case law as "building blocks" may not be persuasive to the Court, but can still be good faith.

If plaintiff's position is reasonable, a loss on the merits does not trigger Rule 11 sanctions.  See **Altran Corp. v. Ford Motor Co.**, 502 U.S. 939, 112 S.Ct. 373, 116 L. Ed. 2d 324 (1991). See also **Obert v. Republican Western Insruance Co.**, 398 F. 3d 138, 146 (1st Cir. 2005) which states that an objectively hopeless motion filed in good faith, need not invariably be basis for sanctions; to impose sanctions in such cases on a routine basis "would tie courts and counsel in knots".

### IV.  MERITORIOUS CLAIMS AND CONTENTIONS

Plaintiff's counsel clearly understands that a lawyer shall not bring or defend a proceeding, or assert a controversy, an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.  As advocate for the Plaintiff, Counsel has a duty to use legal procedure for the fullest benefit of Plaintiffs' case, but counsel also have a duty not to abuse legal procedure.  The law, both procedural and substantive establishes the limits within which an advocate may proceed.  However, the law is not always clear and never is static.  Accordingly, in determining the proper scope of Plaintiff's counsel's advocacy, the court must take into account the law's ambiguities, especially under the RICO ACT, and its potential for change.  The filing of an action for a Plaintiff is not frivolous merely because the facts have not been fully substantiated or because the lawyer expects to develop vital evidence only through discovery.  The Court in this case dismissed the case before the discovery was even allowed to proceed.

What was required of a diligent advocate, and which Plaintiff's counsel believes that she has fully performed, in her duty to the Court was that she learned about the facts of Plaintiff's cases and the applicable law, and determines that Plaintiff could make good faith arguments in support of their positions.  The action is frivolous, however only when the attorney is unable to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of exisiting law.  Plaintiff's counsel possessed substantial justification and evidence to support her RICO claim against the defendants. The case law is divided on the subject of what constitutes a pattern of racketeering, and there are only a few cases involving tenant associations which I have outlined for the court in other responses. Because of discrepancies in interpreting the congressional intent of the RICO ACT, and what constitutes a pattern, it appears that amendments to the Act maybe necessary by the congress for clarification.  Therefore, Plaintiff's counsel was justified in bringing this action and should not be sanctioned by the court for her good faith efforts.

## V. PLAINTIFF'S COUNSEL'S COMMENTS TO THE PRESS

Defendants' have continually drudged out the one article they could find dated January 4, 2006 in small circular newspaper, entitled "The Examiner" in D.C..  In the article, there were some quotes attributed to Plaintiff's counsel which was completely out of context.  In fact, Counsel wrote a letter to the reporter on January 11, 2006 complaining about the balance and the coverage in this particular article immediately upon reviewing it.  Plaintiff's counsel has attached a copy of her letter to this reporter for the Court's review.  *See Attachment*.  Hopefully the Court will not give this any credence.

## VI. CONCLUSION

8

The "American Rule" on fee shifting generally prohibits the prevailing party from collecting attorney's fees from the losing party. One exception to the "American Rule" allows a district court to award attorney's fees to a prevailing party when the losing party has acted in bad faith, vexatious, wantonly or for oppressive reasons. To invoke this exception under a claim of vexatious conduct the moving party must demonstrate that the losing party's actions were frivolous, unreasonable or without foundation even though not brought in subjective bad faith. See **Local 285 v Nonotuck Resource Assoc.**, 64 F.3d 735, 737 (1st cir. 1995).

Because of its potency, however, "a court's inherent power to shift attorney's fees should be used sparingly and reserved for egregious circumstances." **Whiteness Bros Co. v. Spradfkin,** 60 F3d 8, 13, (1st cir. 1995) (quoting **Jones V. Winnepesauke Realty**, 990 F2d 11, 4, (1st Cir. 1993) Thus the power to sanction must be used with great circumspection and restraint, employed only in compelling situations.

In assessing monetary sanctions, the Court should take into account the financial status of the offender. Counsel stresses to the Court that the Plaintiff is a Tenant Association representing low income tenants. As an Association, they do not qualify for in forma pauperis status. Counsel has spent an inordinate amount of time without compensation trying to prove their case before the Court and save their homes.

                Respectfully submitted,

                /s/

                B. Marion Chou, Esq. (Bar #433270)
                800 7th St. N.W. #201
                Washington, D.C. 20001
                Phone (202) 783 2794
                Fax  (202) 898-1995
                bmchou@mindspring.com

**Certificate of Service**

I hereby certify that I have e-mailed a copy to the attorney on the records for all the parties.at Rafael.alfonzo@hklaw.com and d.durbin@jocs-law.com on April 28, 2006.

/s/

B. Marian Chou