IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| 809-811 Otis Place, N.W. DC [sic] Tenant [sic] Association, Inc.[1] | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:05 CV 02465 (EGS) |
| Lakritz Adler Management, LLC, et al. | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS

Plaintiff's counsel devotes much of her Response to describing the time she spent with her purported client investigating the facts of this case. What's sanctionable here, though, is that Plaintiff's counsel did not spend much time (if any) conducting legal research for this case. Plaintiff fails to address any of the specific sanctionable conduct Defendants raised in their Motion for Sanctions:

- That Plaintiff's counsel ignored the seminal case[2] in this circuit that specifically prohibits a civil RICO action under the very circumstances of this case.

- That Plaintiff's counsel pursued criminal claims against Defendants under criminal statutes that have no corresponding civil rights of action.

Defendants contend that the requisite Rule 11 pre-filing inquiry (*i.e.*, adequate legal research) would have shown that none of the federal claims Plaintiff alleged could reasonably be brought. Plaintiff's counsel, however, claims that for her somehow, "… the duty of the attorney to make inquiry is relaxed," under the circumstances of this case. *See* Plaintiff's Response to Motion for Sanctions at 6. This is the cavalier attitude for which Plaintiff's counsel should be sanctioned.

---

[1] The legal name of the purported plaintiff to this action is 809-811 Otis Place, N.W. Tenants Association, Inc.
[2] *Edmondson and Gallagher v. Alban Towers Tenants Association*, 829 F. Supp. 420, 425 (D.D.C. 1993) *aff'd* 48 F.3d 1260 (D.C. Cir. 1995).

Plaintiff's counsel also raises the Rule 11 "safe harbor" provision in an attempt to escape sanctions in this case. Rule 11 typically requires service of the Motion for Sanctions on the offending party 21 days before filing with the court in order to allow an opportunity for withdrawal of sanctionable filings. *See* Fed. R. Civ. Pro. 11. Plaintiff's counsel argues that because Defendants did not serve a draft Motion for Sanctions more than 21 days before filing this motion with the Court, that Defendants are estopped from seeking any sanctions. Plaintiff's counsel is wrong.

First, Plaintiff's counsel ignores the Court's inherent power to sanction irrespective of Rule 11. Indeed, Defendants demonstrated that Plaintiff pursued his RICO and criminal claims with sufficient recklessness and bad faith to warrant sanctions. *See Bonds v. District of Columbia*, 93 F.3d 801, 808-13 (D.C.Cir.1996); *Shepherd v. American Broad. Cos., Inc.*, 62 F.3d 1469 (D.C.Cir.1995); *United States v. Wallace*, 964 F.2d 1214, 1219 (D.C.Cir.1992). Plaintiff, however, failed to address Defendants' arguments regarding the court's inherent power to sanction.

Second, regarding Rule 11 sanctions, Defendants did serve a deficiency letter on Plaintiff's counsel more than 21 days before the filing of this Motion. *See* Exhibit 1 of Motion for Sanctions. And, at least one court has already ruled that in some circumstances, a letter detailing Rule 11 deficiencies without a motion is sufficient notice under the rule. *See Pannonia Farms, Inc. v. USA Cable I*, 2004 WL 1276842, at *10-*11 (S.D.N.Y.). Defendants' letter outlined in detail the specific factual and legal deficiencies that would support sanctions. Despite this notice, Plaintiff's counsel did not withdraw the Complaint. Rather, the Court was forced to dismiss Plaintiff's claims on March 21, 2006 (more than 21 days after Defendants' letter), upon Defendant's motion. *See* Order dated March 21, 2006.

It is true that this Court dismissed with prejudice Plaintiff's RICO and money laundering claims before Defendants could serve a copy of the Rule 11 motion on Plaintiff. But, the Supreme Court has held that dismissal of a case does not "divest the District Court of jurisdiction to consider [a] Rule 11 motion." *Cooter & Gell*, 496 U.S. at 398. And, "a litigant who violates Rule 11 merits sanctions even after a dismissal." *Id.* Therefore, because dismissal does not prevent Rule 11 sanctions and because there is no pleading for Plaintiff to withdraw, the requirement that the Rule 11 motion be served on Plaintiff 21 days before filing with the Court is moot. In other words, Plaintiff (who had no intention to withdraw his Complaint) should not be able to avoid Rule 11 sanctions simply because the Court ruled quickly on Defendants' Motion to Dismiss. Plaintiff's counsel also fails to address this argument.

For the foregoing reasons and for the reasons stated in the Motion for Sanctions, LaKritz Adler respectfully requests this Court enter an Order imposing sanctions in accordance with Rule 11 and in accordance with the Court's inherent power to sanction.

> Respectfully submitted,
>
> HOLLAND & KNIGHT, LLP
>
> _____
> Paul J. Kiernan (DC Bar # 385627)
> 2099 Pennsylvania Avenue, N.W., Suite 100
> Washington, D.C. 20006
> (202) 663-7276
> (202) 955-5564 – fax

Of counsel:

Rafael E. Alfonzo (DC Bar # 478524)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000
(202) 955-5564 – fax

# 3759444_v1